UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-22149-LEIBOWITZ

TUSHBABY, INC.,

    *Plaintiff*,

v.

FLEEROSE,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 7] ("Motion"), filed on June 19, 2024. The Court has carefully considered the Motion and the supporting exhibits. Upon due consideration, the Motion is DENIED for the reasons explained below.

## I.      BACKGROUND

Plaintiff, Tushbaby, Inc., moves *ex parte* for an order authorizing service of the Summons and Complaint upon Defendant, Fleerose, *via* electronic mail ("e-mail") to Fleerose's U.S. Counsel and/or to Fleerose's Amazon.com account. [ECF No. 7 at 1]. Plaintiff contends that e-mail service is appropriate and necessary in this case because Fleerose's U.S. counsel, Jianyin Liu, "has made several filings on behalf of his client, Fleerose, . . . in two other actions pending in this Court." [*Id.* at 1–2]. Further, Plaintiff provided a copy of the Complaint to Mr. Liu, but he refused to accept service. [*Id.* at 2]. As for serving Fleerose directly, Plaintiff contends that:

> [S]ervice of process by electronic means is the best—indeed, maybe the only—way that Plaintiff will be able to contact Defendant Fleerose concerning the Complaint (which Fleerose undoubtedly already has). Serving Chinese companies under the Hague Convention is always a challenge with frequent obstacles and delays. And it would be particularly difficult here. Amazon store-operators, like Fleerose, frequently

use inaccurate and unreliable contact information.  Here, it is unclear whether Fleerose is even Defendant's true legal name, rather than a doing-business-as name for another person or entity in China.  And its address on Amazon.com is suspect.

[ECF No. 7 at 2].

The Court has reviewed the attachments to the Motion, including notices of appearance by Mr. Liu in two actions before this Court in which he represents Fleerose [ECF Nos. 7-2, 7-3], and is not satisfied for purposes of the instant Motion that Defendant has indeed falsified its contact information such that service by alternative means should be ordered.  Fleerose's business name and address are listed on its Amazon.com webpage as:

Business Name:  Qingdaohuizhiyangmingmaoyiyouxiangongsi

Business Address: ruichanglu141hao-95 shibeiqu Qingdao Shandong 266000 CN

[*See* ECF No. 7-7 at 5].

## II.      DISCUSSION

China is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters Nov. 15, 1965, 20 U.S.T. 361 (the "Convention").  Article 1 of the Convention provides that: "The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.  This Convention shall not apply where the address of the person to be served with the document is not known."  Convention, art. 1.  Thus, service on Fleerose must be accomplished *via* the Convention unless its address is unknown.   Instead of attempting compliance with the Convention, Plaintiff seeks an order from the Court authorizing service *via* e-mail under Federal Rule of Civil Procedure 4(f)(3).  The Declaration of Marshall Dore Louis submitted in support of Plaintiff's Motion, attests only generally about Defendants such as Fleerose as follows:

- "In most instances, Defendants must provide and email address and physical address to third party platforms through which Defendants operate."  Louis Decl. ¶ 9.

- "Few, … if any, Defendants purport to provide valid, accurate and identifiable physical addresses to these third party platforms." *Id.* ¶ 12.

- "Because an Internet store operator can often input any physical address, such addresses may be false and/or are not where the Internet store operator is located." *Id.* ¶ 14.

- "Even if a physical address is discoverable, it is not a reliable means for identifying and locating Defendants." *Id.* ¶ 15.

- "Service on Defendants by e-mail and by posting on Plaintiff's Serving Notice Website will satisfy due process[.]" *Id.* ¶ 17.[1]

Nowhere does Mr. Louis attest that Plaintiff has, in fact, attempted to locate Fleerose at the physical address posted on the Amazon.com webpage.  Nor does Mr. Louis attest that the posted address false, incomplete, or invalid for service of process.  [*See id.*].

Pursuant to Rule 4(f) of the Federal Rules of Civil Procedure, service on an individual outside of the United States may be made "(1) by any internationally agreed means of service reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if the international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice…; or (3) by other means not prohibited by international agreement as ordered by the Court.  Fed. R. Civ. P. 4(f)(1)–(3).  Rule 4(h)(2) governs service on foreign corporations.  Service may be effectuated in "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).

---

[1]     The generic nature of Mr. Louis's declaration is even more apparent given that Plaintiff does not request permission to serve Fleerose by posting to a service website in the instant motion.  [*See* ECF No. 7].

"[C]ompliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (citation omitted).  The Court is, however, permitted to order alternate means of service if the signatory nation has not expressly objected to those means.  *See Codigo Music, LLC v. Televisa S.A.*, No. 15-CIV-21737, 2017 WL 4346968, at *7 (S.D. Fla. Sep. 29, 2017).  "[T]he decision to issue an order allowing service by alternate means lies *solely within the discretion of the district court.*"  *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (emphasis in original) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003));*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.") (citation omitted).

Service by e-mail is not prohibited under international agreement in this case.  And courts in this District have authorized service *via* e-mail and through counsel pursuant to Rule 4(f)(3). *See, e.g., U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 620–21 (S.D. Fla. 2011) (authorizing service *via* e-mail and local counsel where plaintiff "made several attempts to obtain contact information for [the defendant]"); *Seaboard Marine Ltd., Inc. v. Magnum Freight Corp.*, No. 17-21815-CIV, 2017 WL 7796153, at *2 (S.D. Fla. Sept. 21, 2017) (permitting service *via* e-mail where it appeared the defendant had been "evading service"); *Chanel v. Zhixian,* No. 10-CIV-60585, 2010 WL 1740695, at *1 (S.D. Fla. Apr. 29, 2010) (allowing service by e-mail and public announcement in China where plaintiff showed attempted service under the Convention and defendant's physical address was "false, incomplete, and invalid for service of process").

Courts in this District, however, have been "reluctant to use their discretion to authorize alternate service when Hague Convention service is available."  *See Int'l Designs Corp., LLC v. Qingdao SeaForest Hair Prod. Co.*, No. 17-60431-CIV, 2018 WL 2364297, at *2 (S.D. Fla. Jan. 4, 2018) (declining to order alternative service and finding that "under the circumstances of this case, Plaintiffs should

make an effort to effect Hague Convention service before seeking alternative service"). To that end, courts in this District generally authorize alternate service "only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed." *Id.* at *3 (citing *Codigo Music*, 2017 WL 4346968, at *10 (denying motion for alternate service where plaintiffs knew defendant's address, there was no urgency, and defendant was not evading service)); *see also Commodity Futures Trading Comm'n v. Fingerhut*, No. 1:20-CV-21887, 2020 WL 4499198, at *1–3 (S.D. Fla. May 29, 2020) (denying plaintiff's motion for alternative service where no showing was made at plaintiff's attempts to serve under the Convention); *Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (upholding decision to authorize service by local counsel because, in part, the plaintiffs had been unsuccessful at perfecting service under Rule 4(f)(1) for over a year).

Even though Rule 4(f)(3) does not require attempted compliance with the Convention, the efforts safeguard against parties' "whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002).

In the case at bar, Plaintiff has failed to demonstrate that the circumstances of this case warrant authorization for alternative service at this time. Plaintiff does not allege that the foreign Defendant's address is unknown or that Defendant is actively evading service. Other than the general assertion that these types of infringers typically do not disclose their true identities or addresses, Plaintiff fails to proffer any evidence that it attempted to locate Defendant's true identity or address. Further, Plaintiff fails explain why it has not initiated service under the Hague Convention given that it filed the Complaint one months ago. Nor does Plaintiff say why it waited twelve days upon initiating this case to bring the instant Motion.

### III. CONCLUSION

Accordingly, in view of the foregoing, the Court finds Plaintiff has not made a sufficient showing for the Court to exercise its discretion to order service by alternative means at this time.   It is, therefore, hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion [**ECF No. 7**] is **DENIED**.

2. Plaintiff must first either (1) attempt service on Defendant in compliance with the Hague Convention, or (2) show that the Hague Convention does not apply because Defendant's physical address is unknown or insufficient for service of process before seeking a court order authorizing alternative service under Rule 4(f)(3).

3. *The Clerk* is directed to ADMINISTRATIVELY CLOSE this case.

4. All pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in the Southern District of Florida this 3rd day of July, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:  counsel of record