**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:24-cv-22149-LEIBOWITZ**

**TUSHBABY, INC.,**

    *Plaintiff*,

v.

**FLEEROSE,**

    *Defendant*.

_____/

**ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Order Authorizing Alternative Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 11], (the "Motion"), filed on August 12, 2024. Upon due consideration, the Motion is GRANTED.

**BACKGROUND**

Plaintiff filed this declaratory judgment action on June 4, 2024 [ECF No. 1], in which Plaintiff asks the Court to declare that Plaintiff is not liable for infringement of foreign Defendant's U.S. Design Patent No. D1,024,542 (the "'542 Patent"). On June 19, 2024, Plaintiff moved for authorization to serve Defendant *via* alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 7]. The Court denied the motion because Plaintiff failed to establish either (1) that it attempted compliance with the mandatory service provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("the Convention"), or (2) Defendant's address is unknown such that the Convention does not apply. [ECF No. 9].

After the denial of Plaintiff's request, Plaintiff conducted additional investigation to attempt to locate Defendant's address for service of process. [ECF No. 11 at 6–7]. That investigation revealed that Defendant's address in China listed on Amazon.com is not valid. [*Id.* at 6]. Indeed, Defendant's

attempts to have its agents visit the listed location in person and *via* mail by courier failed. [*Id*.]. Accordingly, Plaintiff has sufficiently shown that Defendant's listed address in China is unknown. Thus, the Convention does not apply.

In light of these failed attempts at service, Plaintiff renews its request for the Court to authorize alternative service of the Complaint, Summons, and other relevant filings in this matter. [*Id.* at 14]. Specifically, Plaintiff seeks permission to effectuate service of process on Defendant *via* e-mail to U.S. counsel, Jianyin Liu, Esquire ("Mr. Liu"), who represents Defendant in other infringement lawsuits pending before the Court. [*Id.*]. Although, Mr. Liu represents Defendant in these other matters, this Court must ensure that service upon Defendant in this action comports with Due Process. Consequently, the Court modifies Plaintiff's request as discussed below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) provides as follows: "Unless federal law provides otherwise, an individual— other than a minor, an incompetent person, or a person whose waiver has been filed— may be served at a place not within any judicial district of the United States by other means not prohibited by international agreement, as the court orders." The Rule's plain language therefore requires that service under Rule 4(f)(3) be (1) directed by the court, and (2) not prohibited by international agreement. "In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002) (citing *Mayoral–Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).

To determine whether international law prohibits service via e-mail against a defendant in China, the Court must examine the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *done* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T. S. 163 ("Hague Service Convention"). The Hague Service Convention is mandatory, so if it

applies, the parties should first attempt to effectuate service by the means designated in the Convention.

Article 1 of the Hague Service Convention provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, art. 1. As discussed above, Plaintiff has attempted to verify Defendant's addresses and has determined that each address is "inaccurate or incomplete." [ECF No. 11 at 2]. Consequently, the Hague Service Convention does not apply. Hague Service Convention, art. 1; *accord BP Prods. N. Am., Inc. v. Dagra,* 236 F.R.D. 270, 271 (E.D. Va. 2006) ("The Hague Convention does not apply when a defendant's address is unknown."); *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (same). International law, therefore, does not prohibit Plaintiff from serving Defendant via e-mail.

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin,* No. 08–23490–CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr.16, 2009) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)].")); *see also Rio Props., Inc.,* 284 F.3d at 1018 ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."). Nonetheless, alternate methods of service must fulfill due process requirements. *Chanel, Inc. v. Lin,* 2009 WL 1034627, at *1 (denying motion to serve defendants via email because Plaintiff had "not demonstrated that service of process by e-mail would be reasonably calculated to put the Defendant on notice that litigation was pending against him."); *but see Rio Props., Inc.,* 284 F.3d at 1017 ("To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond. In proper circumstances,

3

this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance.") (citation omitted).

Constitutional due process requires only that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *see also Prewitt Enters., Inc.,* 353 F.3d at 921 ("A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution 'as a matter of individual liberty' so that 'the maintenance of the suit … does not offend 'traditional notions of fair play and substantial justice.'") (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702–03 (1982)). Federal courts in this District and others have authorized service via e-mail pursuant to Rule 4(f)(3). *See U.S. Commodity Futures Trading Comm'n v. Aliaga,* 272 F.R.D. 617, 621 (S.D. Fla. 2011) (authorizing service via e-mail pursuant to Rule 4(f)(3) where plaintiff attempted service by other means and confirmed email addresses); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. 2012) (same); *Chanel Inc. v. Zhixian,* No. 10–CV–60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (authorizing service via e-mail pursuant to Rule 4(f)(3) where e-mails did not automatically bounce back); *see also Rio Props.,* 284 F.3d at 1017 (finding e-mail service pursuant to Rule 4(f)(3) permissible and meeting due process standard where defendant indicated preference for e-mail communication and where e-mail was determined to be method most likely to reach defendant); *Xcentric Ventures, LLC v. Karsen, Ltd.,* No. CV 11–1055–PHX–FJM, 2011 WL 3156966, at *2 (D. Ariz. Jul. 26, 2011) (authorizing e-mail service pursuant to Rule 4(f)(3)).

## DISCUSSION

In this case, Plaintiff seeks to serve Defendant at the e-mail address of Defendant's Miami-based counsel, Mr. Liu, because Mr. Liu represents Defendant in other infringement cases pending before this Court. [ECF No. 11 at 3–5]. Mr. Liu, however, refused to accept service of process on

behalf of Defendant in this particular action. [*See* ECF No. 7 at 2]. That said, the Court will nonetheless authorize Plaintiff to serve Defendant by alternative service subject to some modifications. First, Plaintiff is authorized to effectuate service of process on Defendant by sending a copy of this Order, the Summons, and Complaint to (1) Mr. Liu's e-mail address and (2) Defendant's e-mail address listed on Amazon.com. Further, in an abundance of caution, the Court will require more. In addition to authorizing service *via* e-mail, pursuant to Rule 4(f)(3), the Court will require Plaintiff to serve Defendant *via* public announcement in accordance with Article 84 of the Civil Procedure Law of the People's Republic of China ("Article 84"). *See Chanel, Inc. v. Zhixian*, 2010 WL 1740695, at *4 (S.D. Fla. Apr. 29, 2010). Plaintiff shall file a notice of compliance with this directive sixty (60) days after public service has been made in China, after which time the documents are deemed to have been served. *See* Article 84.

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) **[ECF No. 11]** is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED AND ADJUDGED** that Plaintiff shall serve the Summons, Complaint, and all subsequent pleadings and discovery in this case *via* email to Defendant's U.S. counsel, Mr. Liu at jamesliulaw.com@gmail.com, and *via* Defendant's Amazon.com e-mail address.

It is further **ORDERED AND ADJUDGED** that Plaintiff, in addition to serving copies of the Complaint and Summons *via* email, shall effectuate service of process by public announcement in the jurisdiction where Defendant purportedly resides.

**DONE AND ORDERED** in the Southern District of Florida, this 19th day of August, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record