UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TUSHBABY, INC.,

           Plaintiff,

v.

FLEEROSE,

           Defendant.

Case No.: 24-cv-22149

## ANSWER TO COMPLAINT

The defendant Fleerose ("Fleerose"), by and through its undersigned counsel, hereby answers the Complaint [DE 1] and states as follows:

## INTRODUCTION

1. This is an action for declaratory judgment that Plaintiff Tushbaby is not liable for infringement of U.S. Design Patent No. D1,024,542 ("'542 patent"), a copy of which is attached as Exhibit 1.

ANSWER: No answer is needed as it is a statement of the nature of the case. If an answer is needed, admitted that the nature of the instant case is true. No admission is made herein for the statement that "Tushbaby is not liable for infringement of U.S. Design Patent '542 Patent.

2. Defendant Fleerose has accused Tushbaby's hip seat baby carrier of infringing the '542 patent. But Tushbaby's Hip Carrier product ("Tushbaby Carrier") was offered for sale and publicly known years before the filing of the '542 patent. United States patents are invalid if they merely cover—or are obvious in light of—what was already known by, or

offered for sale to, the public. Therefore, if—as Fleerose asserts—the Tushbaby Carrier is covered by the '542 patent, then the '542 patent is invalid.

ANSWER: Denied.

## THE PARTIES AND THEIR LITIGATION HISTORY

### I. Plaintiff Tushbaby Developed an Innovative Carrier.

3. Plaintiff Tushbaby is a corporation incorporated under the laws of California.

ANSWER: Admitted.

4. Tushbaby is a leading infant carrier manufacturer and distributor, and has earned a reputation for quality, reliability, and value. Its products constitute a breakthrough in the infant care industry.

ANSWER: Denied.

5. Among Tushbaby's products is its proprietary Tushbaby Carrier, a single carrier that provides for the carrying of young, with storage pockets. Exemplary images of a Tushbaby Carrier are below:

 



ANSWER: Admitted.

6. Since at least 2018, Tushbaby Carriers have been the subject of substantial and continuous marketing and promotion by Tushbaby. Plaintiff's promotional efforts included—by way of example but not limitation—substantial print media, and Tushbaby's products' website and social media sites.

ANSWER: Denied.

7. Moreover, Tushbaby has sold Tushbaby Carriers since at least 2018. Attached as Exhibit 2 is a print-out from the Internet Archive (the Wayback Machine) of a webpage from Tushbaby's website, bearing a date of November 25, 2018. Attached as Exhibit 3 is a printout from a Kickstarter webpage (https://www.kickstarter.com/projects/ 254434671/carry-your-kid- stash-your-stuff-save-your-back) illustrating the Tushbaby Carrier. It bears a "Last updated" date of September 19, 2018.

ANSWER: No answer is needed. If an answer is needed, denied.

8. The Tushbaby Carrier has received recognition and awards, including the Mom's Choice Award in 2022. And Tushbaby has received praise from various media outlets such as Buzzfeed, Insider, and Forbes Magazine.

ANSWER: No answer is needed. If an answer is needed, denied.

## II. Plaintiff Tushbaby Is Suing Defendant Fleerose in Other Suits in this District, Including for Injunctive Relief.

9. On March 11 and 25, 2024, Tushbaby filed lawsuits in the Southern District of Florida to combat e-commerce sellers online who infringe Tushbaby's intellectual property rights and trade upon Tushbaby's reputation and goodwill by selling and/or offering for sale products in connection with Tushbaby's distinctive trade dress as well as copyrights. *See* Case Nos. 1:24-cv-20941 and 1:24-cv-21136.

ANSWER: Admitted.

10. In its Complaints in those actions, Tushbaby alleged: "Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Florida and in this Judicial District, through the Defendant Internet Stores. Each Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including Florida and in this Judicial District."

ANSWER: Admitted.

11.    On April 28, 2024, and May 7, 2024, Defendant Fleerose made an appearance in those actions through its counsel.  In particular, on April 28, 2024, Jianyin Liu, a lawyer with an office in Palmetto Bay, Florida, entered an appearance on behalf of Defendant Fleerose in Case No. 1:24-cv-21136-DSL.  And on May 7, 2024, Mr. Liu entered an appearance on behalf of Defendant Fleerose in Case No. 1:24-cv-20941.

ANSWER: Admitted.

12.    Tushbaby has sought injunctive relief in those two actions, including by filing motions for preliminary injunctions against Defendant Fleerose.

ANSWER: No answer is needed. If an answer is needed, denied.

### III.    In One of those Suits, Fleerose Has Claimed that Tushbaby Infringes the '542 Patent.

13.    Through the proceedings of these two actions, Fleerose claimed to own the '542 patent.  For example, on May 17, 2024, it filed Responses in Opposition to Plaintiff's Motion for Entry of Preliminary Injunction in Case Nos. 1:24-cv-20941 and 1:24-cv-21136.  In those two briefs, Fleerose stated that it "owns a design patent," which it identified as the '542 patent.

ANSWER: Admitted.

14.    Fleerose represented in court and to Tushbaby that Tushbaby would infringe the '542 patent once it issued on April 30, 2024.

ANSWER: Admitted.

15. For example, on April 29, 2024, Fleerose filed a Response in Opposition to Plaintiff's Motion for TRO in Case No. 1:24-cv-21136. On page four of that response, Fleerose stated that it "will have its design patent on the hip seat baby carrier…on April 30, 2024. On that day, the infringer of the intellectual property of the hip seat is Plaintiff [Tushbaby], not vice versa, as we have given due notice to Plaintiff [Tushbaby]." The design patent being referenced in those sentences is the '542 patent. Fleerose understood on that day (April 29) that its '542 patent would issue the next day (April 30) because on April 10, 2024, the United States Patent & Trademark Office issued an "Issue Notification" indicating that the patent number would be D1,024,542, and that it would issue on April 30, 2024. In other words, Fleerose claims that Tushbaby's design, which has been marketed and sold for *five years* before Fleerose's alleged patent issued, somehow violates the '542 patent – this is nonsense.

ANSWER: Admitted except the last comment of "this is nonsense" and the alleged facts that Tushbaby's design has been marketed and sold for *five years* before Fleerose's alleged patent issued. Denied for the comment of "this is nonsense" and the alleged facts that Tushbaby's design has been marketed and sold for *five years* before Fleerose's alleged patent issued.

### **JURISDICTION AND VENUE**

16. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question), 1338 (patent), and 2201-2202 (declaratory judgment). There exists a justiciable controversy between the parties as to whether Tushbaby is liable for infringement of the '542 patent, including whether the patent is infringed and valid.

ANSWER: Admitted.

17. On information and belief, Fleerose is an entity—or a "dba" name for an entity or one or more individuals—based in China. Fleerose's storefront on Amazon.com provides a business address in Shandong China. Moreover, the patent and the copyright Fleerose claim to own show addresses in China for their applicants. Moreover, the United States Patent & Trademark website shows the "Fleerose" trademark as being owned by an individual in China.

ANSWER: Admitted.

18. Venue is proper in this District.

ANSWER: Admitted.

19. This Court has personal jurisdiction over Fleerose, including because: Fleerose conducts significant business in Florida and in this Judicial District, including by targeting consumers in this United States and this District via sales of products that Fleerose contends are covered by the '542 patent; the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in this District in Florida; Fleerose made its allegations about Tushbaby infringing the '542 patent in this District an effort to influence judicial proceedings in this District; and if Fleerose was successful in any infringement suit against Tushbaby, Tushbaby's sales of its Carrier in this District would be significantly impacted. Even if there is no personal jurisdiction for those reasons, then this District has personal jurisdiction over Fleerose pursuant to Fed. R. Civ. P. 4(k)(2).

ANSWER: Admitted that this Court has personal jurisdiction over Fleerose and denied the rest.

**TUSHBABY IS NOT LIABLE FOR INFRINGEMENT OF THE '542 PATENT**

20. The '542 patent issued on April 30, 2024, from an application filed on September 3, 2023.  Attached as Exhibit 3 is a copy of the '542 patent.

ANSWER: Admitted.

21. Since 2018—around five years before the filing date of the application for the '542 patent—Tushbaby has publicized and sold its proprietary Carrier.  Exemplary images of a Tushbaby Carrier are below:






ANSWER: No answer is needed. If any answer is needed, denied.

22.     Exhibits 2 and 3 to this Complaint illustrate some examples of the sales activity and publications.

ANSWER: No answer is needed. If any answer is needed, denied.

23.     If the Tushbaby Carrier is covered by the '542 patent, then Tushbaby's prior Carriers anticipate or render obvious the '542 patent.

ANSWER: Denied.

## COUNT I:  DECLARATORY JUDGMENT

24.     Plaintiff repeats and incorporates by reference the allegations in the previous paragraphs.

ANSWER: No answer is needed. If any answer is needed, denied.

25.     Fleerose has asserted it is the owner of the '542 patent.

ANSWER: Admitted.

26. Fleerose has asserted that Tushbaby's Carrier infringes that patent.

ANSWER: Admitted.

27. Tushbaby's Carrier does not infringe any valid claim of the '542 patent.

ANSWER: Denied.

28. In addition or in the alternative, the '542 patent is invalid for failure to comply with the patent law requirements, including 35 U.S.C. §§ 102, and 103. For example, to the extent there is any infringement, then the '542 patent is anticipated or obvious in light of Tushbaby's Carrier, which was published, offered for sale, and sold, for years before the September 3, 2023, filing date of the '542 patent.

ANSWER: Denied.

29. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and to resolve the legal and factual questions raised by Defendant Fleerose and to afford Plaintiff Tushbaby relief from the uncertainty and controversy that Defendant Fleerose's allegations have precipitated, Tushbaby is entitled to a declaration of non-infringement and/or invalidity with respect to the '542 patent.

ANSWER: Denied.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tushbaby prays for judgment against Defendant Fleerose as follows:

1. Declaring that Tushbaby has not infringed any valid claim of the '542 patent;

2. Declaring that the '542 patent is not infringed and/or is invalid;

    3.    Finding this case exceptional under 35 U.S.C. § 285 and awarding Tushbaby its costs and reasonable attorneys' fees;

    4.    Awarding Tushbaby any other relief that the Court finds just and proper.

ANSWER: No answer is needed for non-paragraphed content. If an answer is needed, denied.

## JURY DEMAND

30. Defendant requests a jury trial on all counts herein.

Date: Oct. 17, 2024

          /s/ Jianyin Liu
          Jianyin Liu, Esq.
          FBN: 1007675
          jamesliulaw@gmail.com
          The Law Offices of James Liu PLLC
          15750 SW 92nd Ave Unit 20C
          Palmetto Bay, FL 33157
          Ph: (305) 209 6188

## CERTIFICATE OF SERVICE

I certify that this document has been served to all parties on record via CM/ECF on this Oct. 17, 2024.

          /s/ Jianyin Liu